UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| 2-BAR RANCH LIMITED PARTNERSHIP, a Montana limited partnership; BROKEN CIRCLE RANCH COMPANY, INC., a Montana profit corporation; R BAR N RANCH, LLC, a Montana limited liability corporation,<br><br>                Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, an Agency of the United States Department of Agriculture; SONNY PERDUE, in his official capacity as Secretary of the United States Department of Agriculture; VICTORIA CHRISTIANSEN, in her official capacity as Interim Chief of the Forest Service; LEANNE MARTEN, in her official capacity as Regional Forester for the Northern Region; MELANY GLOSSA, in her official capacity as Forest Supervisor for the Beaverhead-Deerlodge National Forest, State of Montana; CAMERON RASOR, in his official capacity as District Ranger for the Pinder Ranger District in the Beaverhead-Deerlodge National Forest,<br><br>                Defendants. | CV-18-33-BU-SEH<br><br>JUDGMENT IN A CIVIL CASE |

**Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**X** **Decision by Court.** This action came before the Court for bench trial, hearing, or determination on the record. A decision has been rendered.

IT IS ORDERED AND ADJUDGED Pursuant to the Memorandum and Order (Doc. 72) filed on March 26, 2019.

Plaintiffs' Motion for Summary Judgment is GRANTED in part and DENIED in part. The motion is GRANTED as to Plaintiffs' claims under the APA and NFMA that the Forest Service acted arbitrarily and capriciously in applying AULs to the Dry Cottonwood Allotment that did not comply with the 2009 Forest Plan. The motion is DENIED as to the balance of its claims.

The Federal Defendants' Cross Motion for Summary Judgment is DENIED.

The following actions of the Forest Service are VACATED: (i) the Final Administrative Decision's finding that the 1995 AULs apply to the Dry Cottonwood Allotment; (ii) the portions of the 2016 and revised 2017 Notices of Noncompliance finding Plaintiffs in violation of the 1995 or 1997 AULs; (iii) the 1996 AMP as a term and condition of Plaintiffs' grazing permits; and (iv) the 2018 AOI's incorporation of the 1995 AULs.

The case is REMANDED to the Forest Service to: (i) determine, consistent with this Memorandum, which site-specific actions, documents, and AULs govern livestock grazing operations on the Dry Cottonwood Allotment; and (ii) address the question, for the purpose of fully determining the applicability of the EAJA to the administrative appeal proceedings in this case, whether the Forest Service's position taken in the administrative proceedings was "substantially justified or that special circumstances make an award unjust."

Dated this 26th day of March, 2019.

TYLER P. GILMAN, CLERK



By: /s/ Heidi Gauthier
Heidi Gauthier, Deputy Clerk